## THE STATE, TERRY CLANCY, PROSECUTOR, v. JOHN NEUMEYER.

When a plea of set-off claiming a balance of more than $200 is tendered in a justice's court, the justice should overrule the plea for want of jurisdiction, and proceed with the trial of plaintiff's demand.

On *certiorari.*

The counsel for the respective parties agreed upon the following state of the case, upon which the cause is to be decided:

Neumeyer sued Clancy in a court for the trial of small causes, before Joseph Hayter, Esquire, a justice of the peace of Middlesex county, on contract, demanding $200 for rent of premises occupied by Clancy under alleged verbal lease from Neumeyer. After several adjournments by consent, both parties appeared pursuant to adjournment on May 24th, 1888, with counsel, and the case was moved for trial by plaintiff before a jury duly summoned and sworn for the purpose. Defendant's counsel then offered to file a set-off (of which a copy is annexed hereto) for the sum of $1,223.16. Counsel for plaintiff, waiving all objection to the time when the set-off was offered, objected to the filing of the same and to the reception of any evidence in support thereof, on the ground that the amount claimed therein exceeds the jurisdiction of the justice's court. The justice sustained the objection and refused to file the off-set, but proceeded with the trial of the action. Judgment was rendered upon the verdict of the jury for $197.44 debt, besides costs, which is the judgment brought up by *certiorari* in this case.

The defendant claims that the plaintiff is indebted to him in a large sum of money, far in excess of the jurisdiction of said court, to wit, the sum of $2,000.

### BILL OF PARTICULARS.

| | | |
|---|---:|---:|
| Interest, two years and one month, on bond and mortgage for $2,500, made by plaintiff to defendant February 25th, 1886, to January 25th, 1888, at five per cent., | $260 | 42 |
| Boarding plaintiff from March 1st, 1886, to September, 1887, at $5 per week, seventy-seven weeks, | 385 | 00 |
| Use of horse and wagon from March 1st, 1886, to September 1st, 1887, at $1 per day, | 539 | 00 |
| T. Warner's note, made to order of defendant, in the sum of $38.74, used by plaintiff and not accounted for to defendant, | 38 | 74 |
| | $1,223 | 16 |

Argued at November Term, 1888, before Justices SCUDDER and REED.

For the plaintiff in *certiorari*, *Robert Adrain.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

REED, J.  The question which the facts propound is this: What should a justice of the peace do when in a court for the trial of small causes a set-off is tendered which contains a counter claim of an amount in excess of the jurisdiction of the justice to hear? The Small Cause act, which contains express directions for the guidance of the justice in most instances, fails to provide for this. The jurisdiction of the justice includes every suit of a civil nature at law where the debt, balance or other matter in dispute does not exceed, ex-

clusive of 'costs, the sum or value of $200. *Rev., p.* 538. The defendant is permitted, by the Small Cause act, to file a set-off. *Rev., p.* 544, § 23. If the defendant has a set-off, and when sued in a justice's court shall neglect or refuse to deliver a copy of his or her account or state of demand against the plaintiff, he shall be precluded from suing for said account; *provided,* that where the balance found to be due to the defendant exceeds $100, then the defendant shall not be precluded from recovering his demand in any court. *Rev., p.* 544, § 24.

It is entirely clear that when the set-off in the present case was filed the justice had no jurisdiction to hear the merits of that demand. The jurisdiction of the court was restricted to the determination of claims, whether contained in the plaintiff's state of demand or in the defendant's set-off, not exceeding $200. *Waterman Set-off,* § 691; *Murphy* v. *Evans,* 11 *Ind.* 517.

The contention of the prosecutor is, that the justice should have received the set-off, that he should have proceeded to ascertain the balance that was due to either the plaintiff or the defendant, and if.he found the balance due to be less than $200 he should have entered judgment, but if he found that more than $200 was due he should have certified that fact upon his docket and dismissed the parties. 'A practice like this has the approval of Mr. Griffith in his *Treatise on the Jurisdiction of Justices, p.* 73.

The difficulties in the way of such a practice are of such a character that I think it cannot be adopted. The notion, upon which such a practice is advised, is that the court may entertain a suit where the cross demands are of such a character that a trial may result in finding that a balance exists of over $200. That means that a trial may be had when one of the parties claims that he is entitled to a recovery of over $200, which recovery of course the opposing party disputes. The amount in dispute is therefore in excess of the jurisdictional sum limited by the statute, and it is the amount in dispute, not what may be ultimately recovered, that is the test of juris-

diction. It is apparent, therefore, that whenever one of the parties claims that there is due to him more than $200, it ends the power of the court to try that claim. And it does not matter that there is a counter claim which, if credited, leaves a balance less than the jurisdictional amount. When the balance claimed is less than $200, jurisdiction of course attaches, because then there is no dispute concerning a larger sum. When, therefore, the plaintiff, filing a claim which standing alone would exceed this limit, by credits reduces his claim below the limit, the balance in dispute is within the jurisdiction of the court. *Farley* v. *McIntire, 1 Gr.* 190.

And I concede that if a defendant should file a counter claim for $300 or $400, and should credit upon it all or enough of the plaintiff's demand to bring the balance within the $200, it would be cognizable, because there would then be a dispute about a balance less than the jurisdictional amount. But this condition of fact does not exist, when to a state of demand for $100 an offset and nothing more is filed for $300. There flows from the act of filing the offset no admission on the part of the defendant that he owes the plaintiff the amount of his demand or any part thereof. The defendant is at full liberty to contest the validity of the plaintiff's claim as is the plaintiff at liberty to contest his. The dispute is not, therefore, in reference to whether the plaintiff owes the defendant the difference between the two sums, but involves a contest as to whether each owes the other the full amount of the respective counter demands.

Besides this, it appears in the present case that no inquiry could be entered into by the justice which would not involve the existence of a debt in excess of $200. In any aspect in which this case could be viewed, the extent of the inquiry exceeds the jurisdiction of the justice. Not only the claim presented by the defendant exceeds such limit, but if a credit of plaintiff's demand be made still the balance in dispute remains in the same position.

But the view that the justice shall in any case proceed to hear, and if he finds a balance below $200 should enter a

judgment in the case, and if he finds a balance above $200 should enter that fact upon his docket and dismiss the cause, rests upon the notion that jurisdiction depends upon the sum recovered and not upon the sum in dispute. But, as already observed, it is the amount in dispute which, by the express terms of the Small Cause act, determines jurisdiction.

Aside from this, the practice suggested is properly subject to the criticism of Justice Dixon in the case of *Sipley* v. *Wass*, 18 *Vroom* 187, which was, that the statute nowhere authorizes a justice's court to record any determination as to the balance due either party, except by final judgment in favor of that party on which execution is to be awarded. In that case it was held that the existence of a balance of $100 mentioned in the act might be determined in the court where the action for the set-off was brought, although the set-off had not been presented to the justice who tried the counter demand.

For these reasons I conclude that the practice indicated by Mr. Griffith cannot be adopted.

There was another course of action indicated by Chief Justice Kinsey in the case of *South* v. *Hall, Coxe* 29. He stated it in the following reported language : "Where defendant claims above £12 (the limit of jurisdiction at that time), and exhibits an account, and no circumstances justify the belief that it is done fraudulently, the justice ought not to proceed, but stay proceedings on the terms of defendant suing in a higher court in a reasonable time." These remarks were made *obiter*, as it was held in the case then under consideration that the court had jurisdiction over the amount involved. This cause was decided in 1790, and it was not until Judge Paterson's revision in 1798 that the provisions in respect to set-offs in justices' courts, already set out, appeared in the statutes of this state.

The course of conduct proposed by Chief Justice Kinsey has apparently never been followed. Mr. Griffith evidently thought that the later statutory provisions in the Justices' Court act were inconsistent with it, and two later reported

cases disregarded it.   *Montgomery* v. *Snowhill*, 1 *Penn.* 362;
*Huffman* v. *Reading*, 2 *Id.* 148.

Indeed, this rule is open to the same objection as that of
Mr. Griffith, for it requires a determination whether the set-off
is filed in good faith which involves a trial of some kind as to
the character of the set-off, for which trial there is no statutory
provision.

Then again, after the set-off shall have been determined to
be filed in good faith, the jurisdiction of the justice to hear the
plaintiff's case is not thereby excluded, but is dependent upon
the defendant's subsequent conduct, namely, whether he brings
an action upon his set-off in another court within a reasonable
time.   For this there is no statutory provision.

So far as the question now under discussion has been the
subject of judicial remark or decision, the only point decided
seems to be that the filing of the set-off for a sum in excess of
the jurisdiction of the justice, with no admitted credit reduc-
ing it to the jurisdictional limit, does not, *ipso facto*, oust the
justice of his right to hear and enter judgment upon the plaint-
iff's demand.   In the case of *Montgomery* v. *Snowhill*, *supra*,
decided in 1808, the plaintiff appeared on the return day and
prayed that the case might be stayed because the plaintiff owed
him more than $100, and defendant offered to swear to it.
When the judgment for plaintiff came up on *certiorari*, the
court held that the tender of the defendant did not operate as
a stay, because, if so, it would make the jurisdiction of the
justice to depend upon the pleasure of the defendant.   In the
case of *Huffman* v. *Reading*, *supra*, it was held that an unveri-
fied charge of over $100 by the defendant would not deprive
the justice of jurisdiction.   The brief reports of these cases, it
is perceived, leaves it a matter of conjecture whether the court
thought that there might be circumstances surrounding the
filing of such a set-off which would arrest the further progress
of the suit.   But I think it is manifest that so long as there
is no further statutory directions, there is but one of two
courses of conduct opened to the justice.   He cannot try the
truth of defendant's claim because of the inexorable limit which

the statute has placed upon his jurisdiction.   He must there-
fore either ignore the set-off and proceed to try the legality of
the plaintiff's demand alone, or he must stop the suit at that
stage of its progress.   If he adopts the latter course he places
in the hands of any defendant the power to oust him of juris-
diction by merely filing such a plea, whether it be meritorious
or groundless.   Besides this, there is no provision in the statute
requiring the defendant to bring an action in another court
upon his set-off.   If the plaintiff sues elsewhere he is liable to
be mulcted in costs for bringing an action cognizable in a jus-
tice's court, and is also responsible for the costs which have
already accrued in the unfinished action in the latter court.
The other course is to proceed with the trial of the plaintiff's
demand alone.   If the defendant does not choose to acknowl-
edge enough of plaintiff's demand to bring the balance in
dispute down to $200, he must pursue his remedy elsewhere,
and run the risk of showing that he had a claim for a balance,
after allowing all proper credits, of at least one-half of the
above amount, namely, $100.

My conclusion therefore is, that the proper practice for a
justice when such a plea is tendered, claiming a balance due
the defendant of over $200, is to overrule the plea on the
ground of a want of jurisdiction.   It will be careful practice
to endorse this ruling upon the plea tendered and enter it upon
the docket.   He should then proceed as was done in the pres-
ent case and hear the truth of the plaintiff's demand, and
enter judgment in the cause.

The judgment below is affirmed.