WILLIAM BOWLER, PLAINTIFF IN CERTIORARI, v. REBECCA. J. OSBORNE, DEFENDANT IN CERTIORARI.

Argued September 3, 1906—Decided September 18, 1906.

1. Under *Pamph. L.* 1902, *p.* 368, restricting the jurisdiction of the District Court in civil actions to demands not exceeding $300, and *Pamph. L.* 1898, *p.* 574, §§ 60, 61, permitting a set-off and precluding defendant from suing therefor if he refuses to present it, provided that where the balance found due him exceeds $300 he shall not be precluded from recovering it in any other court, the Atlantic City District Court has no jurisdiction of a set-off the amount of which in dispute exceeds $300.

2. Under *Pamph. L.* 1898, *p.* 564, § 33, permitting defendant in a set-off to waive the excess over $300, the waiver must be made by defendant in his set-off, and a statement by counsel in court that he waived any sum in excess of $300 was not sufficient.

3. Where defendant in an action in the District Court presented a set-off in excess of $300, and in open court waived the excess over $300, a charge that the jury may bring in a verdict for either party should it not exceed $300, and should it exceed $300, then the verdict must be for $300 alone, was an improper instruction as to the nature and extent of defendant's demand available by set-off.

On *certiorari* to the Atlantic City District Court.

Before Justice TRENCHARD.

For the plaintiff in *certiorari*, *William M. Clevenger.*

For the defendant in *certiorari*, *Thompson & Cole.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below, and the plaintiff here, brought suit against the defendant to recover on an open book account amounting to $120.18. Interest was also demanded, and on the date of trial there was due on this account $170.95.

The defendant filed a set-off, claiming the principal and interest of a promissory note. The note was for $239.25, and on date of trial there was due thereon the sum of $350.08.

The defendant in the set-off did not waive the excess over $300.

The plaintiff requested the trial judge, among other things, to instruct the jury "that if the note held by the defendant, with interest, is justly and legally due from the plaintiff to the defendant, and the jury finds that the total is more than $300, that the set-off must be disregarded and a verdict for $120.18, and interest, found for the plaintiff."

At the conclusion of the charge, which dealt entirely with other phases of the case, the trial judge announced that he had been requested to charge the foregoing proposition, whereupon counsel for the defendant remarked, "We waive any sum in excess of $300, the jurisdiction of the court." Thereupon the learned trial judge said: "The jurisdiction of this court is, in the matter of dispute, up to $300, and with the waiver of the defendant on record I charge you, gentlemen, that you may bring in your verdict for either party should it not exceed $300. Should it exceed $300, then your verdict must be for $300 alone. Should you find more than $300 due, then your verdict will be for $300."

Under the charge of the court, the jury returned a verdict

for $180 in favor of the defendant. To the refusal of the trial judge to charge as requested, and to his charge, exceptions were taken and allowed, and the action of the trial judge with respect thereto is assigned as reason for reversal.

There was thus raised this question: Had the District Court jurisdiction to consider the set-off filed by defendant in an amount exceeding $300?

The jurisdiction of the District Court includes every suit of a civil nature at law, where the debt, balance or other matter in dispute does not exceed, exclusive of costs, the sum or value of $300. *Pamph. L.* 1902, *p.* 368. The defendant is permitted to file a set-off on or before the time specified in the summons for appearance or on or before final hearing. *Pamph. L.* 1898, *p.* 574, § 60. If the defendant has a set-off and shall neglect or refuse to deliver a copy of his account or demand against such plaintiff, he shall be precluded from suing for said account; *provided,* that where the balance found to be due to defendant exceeds $300, then defendant shall not be precluded from recovering his demand in any other court. *Pamph. L.* 1898, *p.* 574, § 61.

It is entirely clear that when the set-off in the present case was filed the District Court had no jurisdiction to hear the merits of that demand. The jurisdiction of the court was restricted to the determination of claims, whether contained in the plaintiff's state of demand or in the defendant's set-off, not exceeding $300. *Clancy* v. *Neumeyer,* 22 *Vroom* 299; *Waterm. Set-off,* § 691.

The contention of the defendant is that the District Court was justified in proceeding to ascertain the balance that was due either the plaintiff or the defendant, and that if the court found the balance due to be less than $300, judgment should be entered therefor. Such was the view of the trial judge, and such was, in effect, the judge's instruction to the jury.

This contention cannot prevail. The amount in dispute would in such case be in excess of the jurisdictional sum limited by the statute. It is the amount in dispute, not what may be ultimately recovered, that is the test of jurisdiction.

The reasons for this rule are fully stated by Justice Reed, speaking for the Supreme Court, in *Clancy* v. *Neumeyer, supra.*

It is true that it shall be lawful "for the defendant in a set-off to waive the excess over $300." *Pamph. L.* 1898, *p.* 564, § 33. But the remark of counsel, when the request for instruction was under consideration, was not such waiver. The waiver by which jurisdiction is conferred must, it seems by the statute, be made by the defendant in his set-off. Moreover, it was not a waiver of the excess of his claim, by which jurisdiction might possibly have been conferred, but was rather, in effect, a waiver of the excess of $300 in any balance found, after a consideration of the claims of both, to be due defendant. As such it was evidently regarded by the jury, for their verdict plainly shows that the jury regarded defendant's claim as amounting to $350.08, there being at the trial no dispute as to the correctness of plaintiff's claim.

Nor was this situation relieved by what thereafter transpired at the trial.

After the remark of counsel as to his waiver, the trial judge said: "The court will charge that in the situation of the pleadings, and as the case is now before us, that the matter in dispute is the matter governing the offset in this case, and if necessary the court will permit the defendant to amend his set-off or offset to cover that point." Thereupon counsel for defendant remarked, "I make that motion, now, that we waive in the set-off any claim over $300." To this remark no response was made by the court and no further instructions were given. Without discussing whether, at that time, jurisdiction could be thus conferred on the court to consider the defendant's set-off, it is sufficient to say that the jury was left improperly instructed as to the nature and extent of the defendant's demand available by way of set-off.

Since the conclusion thus reached leads to reversal, it is unnecessary to examine the other reasons assigned for reversal. The result is that the judgment below is reversed.