WILLIAM BOWLER, PROSECUTOR, DEFENDANT IN ERROR, v. REBECCA J. OSBORNE, RESPONDENT, PLAINTIFF IN ERROR.

Submitted January 10, 1908—Decided June 15, 1908.

1. A District Court is not deprived of jurisdiction where there are mutual demands exceeding the jurisdictional amount, if the balance in dispute is less than $300.
2. Where a defendant in her set-off claimed more than $300, but at the trial confessed the plaintiff's claim and only demanded judgment for the balance between her debt to the plaintiff, and the amount of her set-off, which balance was less than $300, the amount due defendant, less plaintiff's debt admitted, was the balance or matter in dispute over which the District Court had jurisdiction. It is not the amount of the claims of the respective parties against each other, but the balance in dispute that is the test of jurisdiction in such case.

---

On error to Supreme Court, whose opinion is reported in 45 *Vroom* 216.

For the respondent and plaintiff in error, *Thompson & Cole*.

For the prosecutor and defendant in error, *William M. Clevenger*.

The opinion of the court was delivered by

BERGEN, J. The jurisdiction of the District Courts of this state is limited to "Every suit of a civil nature at law, or to recover any penalty imposed or authorized by any law of this state, where the debt, balance, penalty, damage or other matter in dispute does not exceed, exclusive of costs, the sum of three hundred dollars," &c. *Pamph. L.* 1902, *p.* 368. The language is substantially that used to fix the jurisdiction of courts for the trial of small causes in this state, and has been exhibited on our statute books for many years, the only substantial change being amendments increasing from time to time the jurisdictional amount. The question now to be considered is whether the District Court had the jurisdiction which it exercised in this cause under the following facts, viz.: The plaintiff instituted his suit in the District Court, claiming judgment in his state of demand for $159.84, and to this the defendant pleaded that she would set off, against the claim of the plaintiff, that he was indebted to her "in $239.25 for and on account of his certain promissory note, dated September 27th, 1898, payable thirty days after date, which is still due and payable to defendant, and which amount is due and unpaid, with interest." At the trial, before any evidence was offered by the plaintiff, the defendant admitted that there was no dispute as to the correctness of the plaintiff's claim, whereupon the plaintiff's case was rested and the trial proceeded for the purpose of determining the liability of the plaintiff upon the note which the defendant claimed was a just set-off against the debt admitted to be due from the defendant to the plaintiff. If the interest had been calculated upon the note at the legal rate, and added to the principal thereof, the amount of the defendant's claim would be in excess of $300. No motion was made to suppress the set-

off as filed because it exceeded the jurisdictional amount, but the plaintiff joined with the defendant in the trial of the only issue then remaining, which was whether the plaintiff was liable to the defendant upon the note which the defendant claimed to set off against her admitted liability to the plaintiff for the debt demanded in his declaration. It further appeared that when the note was offered in evidence it was objected to because it was claimed that the endorsement of the note by the plaintiff was irregular and that no contract had been proven which would make him liable, but it was not objected that more than the jurisdictional amount was due to the defendant. The trial court submitted to the jury the question of the liability of the plaintiff on the note, that is, whether he endorsed as an accommodation for the maker or the defendant, in these words: "That is the point at issue before you, gentlemen, and if you find that he was a guarantor, that he was an accommodation for Mr. Evans (the maker), then your verdict must be in favor of Mrs. Osborne for such amount as you may find due on the note, with interest, less the account and interest. If he was an endorser as an accommodation for Mrs. Osborne, then your verdict must be in favor of Mr. Bowler for the amount of his claim and interest." A request was made to charge that if the note was found to be legally due, and the total was more than $300, then the set-off must be disregarded and a verdict found for the plaintiff for the full amount of his claim, including interest. This request was refused, and, we think, properly. Whereupon the defendant waived any sum in excess of $300, and the court charged the jury that they might bring in a verdict for either party should it not exceed $300, and "that in the situation of the pleadings and as the case is now before us, that the matter in dispute is the matter covering the set-off in this case, and, if necessary, the court will permit the defendant to amend his set-off or offset to cover that point."

On this state of facts the Supreme Court held that when the set-off was filed the court had no jurisdiction to hear the merits of that demand, and that the jurisdiction of the court was restricted to the determination of claims whether con-

tained in the plaintiff's state of demand or in the defendant's set-off, not exceeding $300, and that this difficulty was not removed when the defendant admitted the full amount of the plaintiff's claim without requiring proof of it, and demanded only the difference between her claim and the plaintiff's, although when such credit was allowed the balance claimed by the defendant was within the jurisdiction of the court.

We cannot agree with the conclusion reached by the Supreme Court on this point, for manifestly the debt, balance or matter in dispute did not exceed the sum of $300, because when the plaintiff's claim was admitted all dispute regarding it was removed, and the only matter disputed was the liability of the plaintiff for any balance due defendant after crediting on her claim, if any was proven, the debt admitted by the defendant to be due to the plaintiff. If in this case the defendant had in writing credited on her set-off plaintiff's claim, the amount, if anything, due her, would have been the amount in dispute, and in view of the facts that the plaintiff made no motion to strike out the set-off as filed, because it claimed an amount beyond the jurisdiction of the court, and that after the defendant had conceded the correctness of the plaintiff's claim without requiring proof of it, the plaintiff went to trial upon the issue tendered, the defendant's admission was as effective as if the credit had been endorsed upon the set-off. The cause was tried by both parties upon the theory that the credit had been made, and an amendment to the pleadings to conform to the real issue tried can be made after verdict as well as before. The claim made by the defendant here was within the jurisdiction of the court because she could in no event recover more than the difference between the amount due on her note and the sum which she admitted to be due to the plaintiff. If she had brought the suit on her note and credited the plaintiff with the amount of his claim it could not be said that the matter in dispute was more than the amount demanded, which would have been the balance due between the two accounts. As was said in *Smock v. Throckmorton, 3 Halst.* 216, 217: "The legislature designed to give full jurisdiction to the amount of one hundred dol-

lars, and foreseeing that many cases would occur where mutual demands or accounts subsisting, these on the one side and the other might far exceed one hundred dollars, when the balance might be far less, and intending in such cases to give their tribunal jurisdiction, they declared, to remove all doubt, that whatever might be the amount on either side, if the balance did not exceed one hundred dollars, the suit should be cognizable before a justice of the peace."

It is quite true, as was said by Mr. Justice Reed in *Clancy* v. *Neumeyer,* 22 *Vroom* 299: "That whenever one of the parties claims that there is *due* to him more than $200, it ends the power of the court to try that claim. And it does not matter that there is a counter-claim which, if credited, leaves a balance less than the jurisdictional amount." This is so because the party claiming more than the jurisdictional amount does not admit that any sum less than that which he claims is the balance in dispute. However, in the same case, the court said, that if a defendant filed a counter-claim of $400, and should credit upon it enough of the plaintiff's demand to bring the balance within the $200, it would be cognizable, because there would then be a dispute about a balance less than the jurisdictional amount. Holding, as we do, that the admission by defendant of plaintiff's debt amounted to a credit on defendant's claim, which reduced it to the jurisdiction of the court, the dispute at the trial was whether the plaintiff owed the defendant the difference between the two sums, and it did not involve a contest over the full amount of the respective demands.

Section 33 of the District Court act (*Pamph. L.* 1898, *p.* 564), declares that "where the debt, balance or other matter in dispute, or amount really due or recoverable as aforesaid, exceeds, exclusive of costs, the sum or value of $300, the plaintiff or defendant may recover in such court a sum not exceeding $300 and costs." And it is made lawful for the plaintiff, or for the defendant in a set-off, to waive the excess over $300. The plaintiff having requested the court to charge that it was impossible for the jury to find more than $300 due defendant, and if they did so find they must deduct from

$300 the sum admitted to be due to the plaintiff, the defendant thereupon waived all of her claim in excess of $300, and the court charged that the matter in dispute was the offset, and it would permit the defendant to so amend the set-off as to limit it to a claim of $300. We find no impropriety in allowing the amendment at the time it was permitted, because it conformed to the issue tried and the directions given by the court to the jury.

The conclusion we have reached on the single question passed on by the Supreme Court requires us to consider the other reasons presented and argued there and in this court. The note was made prior to the adoption of the Negotiable Instrument act, and it is urged that, being an irregularly endorsed note, it imports no commercial contract, and that plaintiff is not liable until the nature of his contract is proven. The testimony is conflicting, but there is evidence from which a jury might infer that the plaintiff endorsed the note as an accommodation endorser or guarantor for the maker. The son of the defendant, who managed a part of her business, testified that defendant refused to accept the note without security, after which Evans, the maker, procured the endorsement of the plaintiff and delivered the note in that condition to defendant in payment of his debt to her. The jury found, as a fact, that the endorsement was made for the benefit of the maker to enable him to secure the acceptance of the note by the defendant. It is the established rule in this court not to review findings of fact upon *certiorari* if there be evidence from which the facts can be found, and we think such evidence exists in this case.

It is next insisted that plaintiff is not liable as endorser, because no property of any kind was parted with by the defendant on the credit of his name, and in support of this claim *Hayden* v. *Weldon,* 14 *Vroom* 128, is cited, but this case does not apply to the present situation for the reason that, in the case cited, the note was delivered to the payee and was in his hands when the additional endorsement was made, and after the contract between the maker and payee had been finally consummated. In the present case the consideration

of acceptance was the security which the endorsement provided. We find no error in the record of the trial on this point.

The next objection is that the trial court permitted the defendant to read before the jury interrogatories and answers taken, under a commission, in a foreign state. The commission was procured by the plaintiff, who prepared and served the interrogatories intended to be annexed to the commission in order, as provided by the District Court act, that the adverse party might examine the same and submit cross-interrogatories if he thought proper. In this case no cross-interrogatories were submitted, and the commission was duly executed in the manner required by law. The plaintiff declined to read the interrogatories and answers, but they were read by the defendant against the objection of the plaintiff, and the action of the court in permitting the defendant to read them was excepted to. This question has been disposed of, contrary to the plaintiff's view, by this court, in *Wallace* v. *Leber,* 40 *Vroom* 312, 321.

The conclusion we have reached is that the judgment of the District Court was correct and the reversal thereof by the Supreme Court was erroneous.

The judgment of the Supreme Court will be reversed, and the judgment of the District Court affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.    11.