RALPH M. WARD, RESPONDENT, v. JACOB HAUCK, APPELLANT.

Submitted November 28, 1914—Decided March 1, 1915.

The district courts cannot entertain jurisdiction of a notice of recoupment that claims more than $500.

On error to the Supreme Court.

For the respondent, Lum, Tamblyn & Colyer.

For the appellant, Paul G. Roder.

The opinion of the court was delivered by

SWAYZE, J.  We agree with the result reached by the Supreme Court but prefer to put the case on a different ground. The District Court gave judgment in favor of the defendant on his notice of recoupment. It is, therefore, vital to determine whether the court had jurisdiction to entertain the recoupment.  In his original notice the defendant claimed $630, of which $255 was really a claim for failure of consideration.  In his amended notice he claimed $1,190.60, of which $225 seems to be for failure of consideration; and he waived all claim to damage over and above $500. This was necessary in order to bring his claim within the jurisdic-

tion of the court. *Kienzle* v. *Gardner,* 73 *N. J. L.* 258. The question is whether the statute permits such waiver. *Howell* v. *Burnett,* 20 *Id.* 265; *Mooney* v. *Woolhouse,* 77 *Id.* 325. The answer depends on the meaning of section 33 of the District Court act. The pertinent language is "it shall be lawful for the plaintiff or for the defendant in a set-off to waive the excess over $500." The section applies only to a set-off. The meaning of set-off was well understood when the act was passed; it connoted only claims for liquidated damages. Recoupment, on the other hand, might include also claims for unliquidated damages. The District Court act itself makes a distinction between set-off and recoupment. Set-off is provided for in section 60, recoupment in section 64. Section 33, therefore, does not help the present defendant, and the court should not have considered his recoupment. *Clancy* v. *Neumeyer,* 51 *Id.* 299; *Kienzle* v. *Gardner,* cited above.

The judgment of the Supreme Court reversing the judgment of the District Court is therefore affirmed. It was proper to order a *venire de novo,* since the defendant might defend for failure of consideration or might amend his notice of recoupment so as to give the court jurisdiction.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ.   12.

*For reversal*—WHITE, J.   1.