ESTHER HARRIS, PLAINTIFF-APPELLEE, v. SAMUEL ROTH AND WILLIAM N. BECKER, TRADING AND DOING BUSINESS AS ROTH & BECKER, DEFENDANTS-APPELLANTS.

Submitted May 12, 1928—Decided November 14, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellants, *Michael I. Estrin.*

For the appellee, *Fleming & Handford.*

PER CURIAM.

This is an appeal from the Second District Court of the city of Newark.

This action was brought by plaintiff to recover $500 damages sustained by her by reason of her wrongful discharge on June 29th, 1921, by the defendants, by whom she had been hired as a cook under a written contract for a term beginning May 13th, 1921, and ending September 15th, 1921, for the sum of $950.

Judgment was rendered for the plaintiff for $500 and the defendants appeal.

Before the trial began the defendants objected that the court had no jurisdiction, because there was no waiver in the

demand of the excess of $500. Whether or not that was so under the state of demand as it then stood is of no moment in our judgment, because when that objection was made the plaintiff, with the permission of the court, amended her demand so as to include a waiver of all damages in excess of $500.

The defendants say that the court erred in allowing this amendment. We think not. Amendments are within the sound discretion of the court, and it is evident that defendants were not prejudiced by the amendment in this instance.

We think that the evidence set out in the agreed state of the case discloses that the plaintiff proved a breach of contract by wrongful discharge and proved her damages. We need not add that we likewise think there was no error in refusing defendants' motion to nonsuit and to direct a verdict.

We find no error in the charge of the court. If the defendants conceived that a pertinent legal principle had been omitted they should have made a request that it be specifically charged, and that they did not do.

The judgment is affirmed, with costs.