WILLIAM LESTER, APPELLANT, v. BENJAMIN KARASIK, RESPONDENT.

Submitted October term, 1933—Decided February 6, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Joseph F. Mattice* and *Henry K. Golenbock*.

For the respondent, *Tumen & Tumen*.

PER CURIAM.

The action arose out of a collision between the automobiles of the respective parties. To the suit brought by the appellant the defendant filed a counter-claim for damage to his automobile in the sum of $547.50. On objection that the counter-claim was in excess of the jurisdiction of the court, the trial judge permitted it to be amended to the end that the damages of the several counts should aggregate but $500. The case was tried twice, the second trial resulting in a judgment in favor of the defendant on his counter-claim for $400.

. The plaintiff-appellant contends that the amendment was improperly allowed, and that a nonsuit on the counter-claim should have been granted on the ground that defendant was guilty of negligence contributing to the accident on which the counter-claim was based.

Both of these contentions we think are without merit. As to the amendment, it is not claimed that the counter-claim in itself was improper, but that the judge erred in permitting the amendment to bring its amount within the jurisdiction of the court. It may be conceded that a counter-claim in excess of $500 cannot be tried in the District Court or its excess waived by the defendant. *Ward* v. *Hauck,* 87 *N. J. L.* 198; 93 *Atl. Rep.* 583, but as was there indicated it might be amended to meet the requirements of the statute. To the same effect is the case of *Harris* v. *Roth,* 6 *N. J. Mis. R.* 1006; 143 *Atl. Rep.* 557 (not officialy reported).

As to the contributory negligence of the defendant, this was clearly for the judge passing on the facts. The accident occurred on a dark rainy night at the intersection of Bond street and Monroe avenue in Asbury Park, plaintiff proceeding south on Bond street and defendant proceeding east on Monroe avenue. The defendant testified that he approached Bond street driving at twelve miles an hour, that he had ·a clear view and saw no one approaching although he looked both ways. When more than two-thirds of the way across Bond street his car was hit in the left rear and the damages inflicted. While the plaintiff testified that the defendant was driving without lights, the defendant's evidence was to the contrary. Obviously the responsibility for the collision was one for the judge sitting without a jury, and his finding on the facts cannot be disturbed here.

The judgment is affirmed, with costs.