HYMAN BESSER, TRADING AS BESSER & COMPANY, PLAIN-
TIFF-APPELLEE, v. RALPH KRASNY AND JOSEPH
PLOFSKY, INDIVIDUALLY AND AS PARTNERS TRAD-
ING AS HAWTHORNE SASH AND DOOR COMPANY, DE-
FENDANTS-APPELLANTS.

Submitted January 26, 1934—Decided May 16, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellee, *Simon Englander.*

For the appellants, *Krasney & Milgrom* (*Samuel S. Krasney,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. Plaintiff sued defendants for services rendered as accountant. The state of demand was made up of five (5) counts.

First count. Balance of $175, plus interest and costs, for services for a given period. Second count. For $150, plus interest and costs, as the reasonable value for the services rendered by plaintiff in the 1928 federal government assessment against defendants. Third count. For accounting services, &c., for the year 1930, amount claimed under this count was $200. Fourth count. For $525, interest and costs, being the sum total of the first, second and third counts. Fifth count. For $525 and based on an express promise and on the reasonable value for said services. Plaintiff expressly waived any excess, under the last count, over the sum of $500.

Summons was issued on October 28th, 1931. The plaintiff, in accordance with section 61b of our District Court act, as amended by *Pamph. L.* 1929, *p.* 758, demanded that defendants file a written specification of the defenses intended to be made to the action. Plaintiff also made a demand for a trial by jury. The defendants moved to dismiss the proceedings and to strike the summons and complaint because of lack of jurisdiction of the court to hear the cause, defend-

ants claiming, although it does not appear in the notice, that the plaintiff demanded a sum greater than that over which the court had jurisdiction. This motion was argued and the court found that the excess of the sum total of all counts, above $500, was expressly waived.

Defendants filed written specifications of defenses. They are as follows: (1) The professional services which the plaintiff did render to the defendants were done in a wrongful and negligent manner. (2) The plaintiff wrongfully, negligently and mistakenly rendered the professional services indicated in the complaint, to the defendants so as to greatly damage the defendants. (3) As a result of the negligence on the part of this plaintiff in the manner in which said professional services were rendered, the defendants were obliged to pay to the United States government on income tax return the sum of $199.62 over and above any amount they would otherwise have had to pay. Defendants also filed a counter-claim based on the same facts set forth in their specifications of defenses.

When this case came up for trial plaintiff's attorney moved for a directed verdict on the pleadings on the ground that the specifications of defenses filed by the defendants admitted the services of the plaintiff in the premises. Leave was asked by defendants to amend the specifications of defenses filed to include denial of amount stated in the complaint but it was denied.

The jury being sworn, plaintiff renewed the motion for judgment and defendants likewise renewed their motion to dismiss the entire proceedings for lack of jurisdiction. This motion was also denied and an exception to court's ruling allowed. The state of case discloses the following: "Plaintiff, having admitted the claim of $199.62 as set forth in the counter-claim of the defendants, the court then directed the jury to bring in a verdict in favor of the plaintiff in the amount of $300.38, after allowing the amount claimed by the counter-claim, plus $36 for interest, making in all the sum of $336.38. The jury thereupon found in favor of the plaintiff and against the defendants in the sum of $336.38."

The specifications of determinations with which appellants are dissatisfied in point of law are: (1) the court's refusal to dismiss the proceedings for lack of jurisdiction to hear the same. (2) The court's refusal to allow an amendment to the specifications of defenses, was a gross abuse of its discretion. (3) The granting of judgment upon the pleadings without the plaintiff proving his cause of action. (4) The court erred in directing the jury to bring in a verdict for the plaintiff. (5) The judgment obtained by the plaintiff was over the jurisdictional amount of the District Court.

The state of case discloses that the plaintiff expressly waived the excess over $500. Plaintiff was clearly within his rights to so waive the excess. Section 33, District Court act, 2 *Comp. Stat.* 1709-1910, *p.* 1964. Moreover, we are bound by the record. It is not the amount of the claim of the respective parties against each other but, rather, the balance in dispute between the parties that is the test of jurisdiction. *Bowler* v. *Osborne,* 75 *N. J. L.* 903.

Chapter 336 (*Pamph. L.* 1929, *p.* 758), among its several provisions provides that upon a demand to file specification of defenses intended to be made, "\* \* \* the defendant shall specify such defenses in writing and file and serve same, \* \* \* and shall at the trial be confined to the defenses so specified \* \* \* but the court, at or before the trial of the action, upon terms, may permit such defendant to file and serve, or amend such specifications."

The specifications of defenses filed and served by the defendants did not dispute or deny the plaintiff's claim. It did not point out just what services sued for were rendered wrongfully, or negligently, save that as a result of said alleged wrongful or negligent services rendered defendants were obliged to pay to the United States government the sum of $199.62 which they would otherwise not have had to pay. The plaintiff's state of demand, second count, treats of services rendered in connection with the 1928 tax return. The counter-claim treats of like services for a 1926 tax return. Assuming that it is for the same year sued for (1928) it is obvious that the defense and the counter-claim seemed to be confined to the second count of the state of demand.

Be that as it may, it appears to us that the sum total of defendants' specifications of defenses and their counter-claim was not a denial of the amount claimed by the plaintiff but rather that as a result of the wrongful or negligent manner in which the plaintiff rendered his services, they, the defendants, were damaged to the extent of $199.62. They were credited with the amount so claimed.

We therefore think that there was no abuse of discretion on the part of the trial judge in the premises and that no error was committed injuriously affecting the substantial rights of the defendants.

The reason for the barring of any defenses in the event defendant fails to comply with a demand for specifications of defenses, and the limitation of the defenses to those served and filed is too obvious to merit lengthy discussion. Suffice it to point out that only those defenses set out in the specifications of defenses are available to a defendant at the trial. See *Marsella* v. *Bloch,* 101 *N. J. L.* 115, 119.

It is strongly urged that the legal effect of section 61b, *supra,* is not to deprive a defendant even if he fails to specify his defense of the right to challenge by cross-examination, or otherwise, the character and sufficiency of the plaintiff's proofs, to make out his right to recover. This is so. *Turner* v. *Wells,* 64 *N. J. L.* 269, 274; *Tricoli* v. *Tramonde,* 95 *Id.* 363, 365. But, it seems to us that these cases are not applicable to the case at bar.

In *Turner* v. *Wells, supra,* a building contract provided that the final payment should become due on the completion of the work and on the builder's furnishing to the other party a release of all liens and claims that might arise in the performance of the contract. It was held that in a suit for the final payment the plaintiffs were bound to establish by evidence either that they had furnished the necessary releases or that there were no liens or claims to be released. In cited case defendant pleaded only the general issue. It failed to furnish specifications of defenses, and under chapter 116 of the Practice act it was limited to give in evidence any defense, except a denial of the contract sued on.

In *Tricoli* v. *Tramonde, supra,* an issue was raised. Defendant denied that he was indebted to the plaintiff in the sum of $220, being the balance of $300 claim based on a *quantum meruit* and claimed that the agreement in question was for an agreed sum of $80 which had been paid in full. There is no such issue (denial of plaintiff's claim) in the instant case.

As already pointed out the defenses and counter-claim related merely to a portion of the plaintiff's claim—which the latter conceded.

It would appear that at the time the trial judge directed the jury to bring in the verdict in favor of the plaintiff for the difference claimed and conceded by the respective parties, which verdict is the basis of the judgment here, the situation was quite analagous to the practice prevailing in the higher courts that where the pleadings admit or do not deny any part of the plaintiff's claim judgment may be summarily entered for such part thereof as is admitted or not denied.

There is no merit to defendant's specifications of defenses with which they are dissatisfied in point of law.

Judgment is affirmed, with costs.