KATHRYN K. JOHNSTON, PLAINTIFF-APPELLEE, v. JOHN B. HUNT, DEFENDANT-APPELLANT.

Submitted October 6, 1936—Decided March 2, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *William M. Untermann* (*Samuel Levin,* of counsel).

PER CURIAM.

The action below was instituted by the plaintiff against John B. Hunt for $459.50 the balance due on account of professional services rendered to the defendant by Evans, Smith and Evans, counselors-at-law, from November, 1935, to February, 1936, which account was assigned by Evans, Smith and Evans to the plaintiff.

At the beginning of the trial, plaintiff moved to amend the state of demand by adding a second count, for account stated, to read "that on February 6th, 1936, the defendant tendered to Evans, Smith and Evans a note in the amount of $459.50, the amount now sued for, wherein and whereby he agreed to pay that sum to the firm of Evans, Smith and Evans in sixty days." The court thereupon permitted the amendment over the objection of defendant. Mr. William W. Evans, of the firm of Evans, Smith and Evans, was then called to the stand and testified as to the nature and extent of the services rendered, and as to the amount consisting of

various charges for various services, and certain credits for payments on account, and also testified concerning the facts constituting an "account stated" and that same was due and unpaid.

After much other testimony to the effect that the claim for services was reasonable, defendant then took the stand. At the conclusion of his testimony, the court said: "There seems to be no dispute as to what the services rendered were. It stands admitted at this point of the examination. The question is whether or not the status between the parties is one of account stated or one where he may seek recovery on a basis of reasonable services rendered. Isn't that the situation?" To this question the defendant's attorney replied, "yes."

The court subsequently directed a verdict for plaintiff on an "account stated."

We find no fault with that action.

The allowance by the court of amendment to include a second count based upon an account stated was within the discretionary power of the court and as such was proper, inasmuch as the defendant-appellant did not plead surprise nor offer any evidence as to the fact that he was unprepared to proceed to trial in the defense of the new count. *Seymour* v. *Long Dock Co.*, 17 *N. J. Eq.* 169; *Harris* v. *Roth*, 6 *N. J. Mis. R.* 1006; 143 *Atl. Rep.* 557; *Joslin* v. *New Jersey Car Spring Co.*, 36 *N. J. L.* 141.

We think that the undisputed evidence was sufficient to establish the plaintiff's cause of action.

The plaintiff's testimony was to the effect that the balance of the account of plaintiff's was confessed by defendant to be due. It was undisputed that the defendant, after becoming dissatisfied with the demands of Evans, Smith and Evans, retained another attorney (not his present attorney) to represent him; that he sent that attorney to Evans, Smith and Evans with a note which he had signed, payable in sixty days, for the full amount of the plaintiff's claim for which this suit was brought, and tendered it to them. Respecting that note the defendant himself testified "I expected to pay it and *I knew I was liable for it.*"

Such testimony justified the judgment for the plaintiff. *Bonnell* v. *Mawah,* 37 *N. J. L.* 198.

The defendant seeks to escape the effect of that testimony by the contention that he tendered such note under duress. But a sufficient answer to such contention is that it is without evidence to support it.

The judgment will be affirmed, with costs.