63 N.J. Super. 297 (1960)
164 A.2d 650
JOHN J. REISER AND CATHERINE M. REISER, PLAINTIFFS-APPELLANTS,
v.
ALEX SIMON JR., VERONICA SIMON AND LEWIS JACOBSON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1960.
Decided October 21, 1960.
*299 Before Judges CONFORD, FOLEY and HALPERN.
Mr. John J. Reiser argued the cause pro se.
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiffs appeal pro se from two judgments of the Middlesex County Court. The appeal is undefended.
Preliminarily, we may say that through a clerical error in taxing costs on entry of the first judgment, duplicative judgments were entered in the district court and later docketed in the office of the Middlesex County Clerk. Following the oral argument this error was corrected by an order of this court and the records of both the district court and the county clerk now properly reflect but one judgment and the proper amount of costs thereon.
Plaintiffs and defendants Simon were parties to an agreement by the terms of which plaintiffs contracted to erect a dwelling for the Simons for the price of $16,100. Defendants paid on account thereof at various times $15,850. The balance of $250 was held in escrow by Lewis Jacobson, attorney for the Simons, pending satisfactory completion of certain work. When a disagreement arose between the parties respecting this work plaintiffs demanded that Jacobson pay over the escrow money. Upon instructions of the Simons, Jacobson refused to do so, whereupon plaintiffs brought action against the Simons and Jacobson to recover this sum. Jacobson deposited it with the court and for all practical purposes ceased to be a party to the suit.
The defendants' counterclaim alleged various items of poor workmanship, additional to those which were the subject *300 of the escrow agreement. The trial court sitting without a jury found against plaintiffs on their claim and in favor of defendants on the counterclaim and awarded damages in the amount of $1,000. Subsequently by order of the court the interpleaded sum of $250 was turned over to defendants.
In the "Statement of Evidence and Proceedings" contained in the appendix the trial court narrated sufficient evidence to support its finding of fact that the work had been "done in a very poor manner and that it would be necessary to spend a considerable sum in order to place the house in the condition it should have been in when sold." This spells out a substantial default by plaintiffs precluding recovery on their complaint. It is not the function of this court to substitute its judgment for that of the trial court in the determination of reasonably debatable factual issues. See Hartpence v. Grouleff, 15 N.J. 545 (1954). Thus, in so far as concerns the basic finding that plaintiffs by reason of the inferior quality of their work breached the contract, the action of the trial court will not be disturbed.
However, we take a different view with respect to the quantum of damages awarded to defendants on the counterclaim. We observe in the statement of evidence no recital of proof sufficient to support the award of $1,000. The mere recitals that "it was testified that in order to correct all defects and to put the premises in livable condition it would amount to $2,105.90" and that defendants "produced a bill in the sum of $247 for carpeting which was ruined because of poor workmanship" are not enough to reflect what the evidence was which the court deemed sufficient to support a conclusion of damage in any particular amount. Nor is any such conclusion arrived at. There is only the conclusion that the expenditure of a considerable sum would be necessitated to remedy such defects. A trial judge must be explicit in his recital of the evidence and in his factual findings and must so correlate them to his legal conclusions that the amount of the judgment entered manifestly appears *301 to be undergirded by legal proof of substantial probative value and by specific factual findings thereon. The judgment in favor of defendants on the counterclaim is therefore set aside and the case is remanded with directions to the trial court to prepare adequate findings of fact and conclusions of law in respect of defendants' damages. The judgment in favor of the defendants on the main case is affirmed.
Plaintiffs raise an important jurisdictional question in that the judgment in effect benefits defendants to the extent of $1,250. N.J.S. 2A:6-34 limits the jurisdiction of the county district courts to actions "where the debt, balance, penalty, damage or other matter in dispute does not exceed, exclusive of costs, the sum or value of $1,000 * * *." Predecessor statutes all contained similar language of limitation, only the amount having been changed from time to time.
The amount in dispute is the test of jurisdiction. Smock v. Throckmorton, 8 N.J.L. 216, 217-218 (Sup. Ct. 1825); Bowler v. Osborne, 75 N.J.L. 903, 906 (E. & A. 1907); Besser v. Krasny, 113 N.J.L. 81, 84 (Sup. Ct. 1934), reversed on other grounds 114 N.J.L. 146 (E. & A. 1934), with express approval, however, of this statement. Id., at p. 148.
However, in construing the word "balance" in a predecessor statute limiting the jurisdiction of justices of the peace to $100, it was held that the Legislature must have foreseen "that many cases would occur where mutual demands or accounts subsisting, these on the one side and the other might far exceed $100 when the balance might be far less, and intending in such cases to give this tribunal jurisdiction, they declared, to remove all doubt, that whatever might be the amount on either side, if the balance did not exceed $100 the suit should be cognizable before a justice of the peace." Smock v. Throckmorton, supra, 8 N.J.L., at pp. 217-218.
But in such a situation, to bring the balance in dispute within the prescribed limits, one of the parties must admit the other's claim, so that there exists no possibility at the *302 outset of a judgment in excess of that limit. Clancy v. Neumeyer, 51 N.J.L. 299, 302 (Sup. Ct. 1889). The court there stated:
"And I concede that, if a defendant should file a counter claim for $300 or $400, and should credit upon it all or enough of the plaintiff's demand to bring the balance within the [statutory limitation of] $200, it would be cognizable, because there would then be a dispute about a balance less than the jurisdictional amount. But this condition of fact does not exist when to a state of demand for $100 an off-set, and nothing more, is filed for $300. There flows from the act of filing the off-set no admission on the part of the defendant that he owes the plaintiff the amount of his demand or any part thereof. The defendant is at full liberty to contest the validity of the plaintiff's claim as is the plaintiff at liberty to contest his. The dispute is not, therefore, in reference to whether the plaintiff owes the defendant the difference between the two sums, but involves a contest as to whether each owes the other the full amount of the respective counter-demands."
Accord: Kienzle v. Gardner, 73 N.J.L. 258 (Sup. Ct. 1906); Ward v. Hauck, 87 N.J.L. 198 (E. & A. 1915).
The Clancy case was distinguished on this point of non-admission of the other's demand in Bowler v. Osborne, supra. There the jurisdictional limit was $300, the plaintiff's ad damnum was $159.84 and the setoff was based on a note in the amount of $239.25, which with interest amounted to $350.08 by the time of trial. Before plaintiff offered any proof defendant admitted plaintiff's claim. Plaintiff requested the court to charge that if the note were found due and with interest amounted to more than $300, the setoff should be disregarded and a verdict returned on plaintiff's claim only. Thereupon defendant orally waived any sum in excess of $300 and the court charged the jury that its verdict should not exceed that sum in favor of either party. The Supreme Court reversed on the ground that the waiver was not expressed in the filed setoff, 74 N.J.L. 216 (Sup. Ct. 1906), but the Court of Errors and Appeals reinstated the verdict finding no impropriety in the instruction or in the allowance of an amendment to the plea, 75 N.J.L. 903 (E. & A. 1907). The court held that the defendant's concession *303 eliminated plaintiff's claim from the area of the amount in dispute and that defendant's waiver of the excess over $300 on the setoff was valid and operated to save the jurisdiction of the court.
The instant case falls within the rule of Clancy v. Neumeyer, supra, unless defendants' waiver of excess be construed as a waiver of excess of the total amount in dispute on both sides over $1,000. In that event, the case would fall within the Bowler rule, and the award would have to be adjusted accordingly.
It is clear that the same conclusion would be compelled under these rules, had the $250 been retained by the escrow agent or paid over to the defendants, instead of having been deposited in court. Both claim and counterclaim were based upon the same set of circumstances and the escrow agent had no pecuniary interest in the fund. His interest was that of a depositary only. The jurisdictional limit therefore applies to the entire amount in controversy, in contradistinction to the situation wherein each of two or more defendants, asserting separate damages personal unto himself, counterclaim for the maximum amount. See, e.g., Navarro v. Martin, 22 N.J. Misc. 291 (D. Ct. 1944).
In Terry v. Curd, 280 Ky. 73, 132 S.W.2d 526 (Ct. App. 1939), plaintiff instituted a suit to recover $100 paid under a contract to purchase real estate. Defendant counterclaimed for the balance due of $2,175. It was adjudged that plaintiff recover the $100 and that the counterclaim be dismissed, and defendant appealed. Plaintiff challenged his standing to appeal a $100 judgment where the statute restricted the appellate jurisdiction of the Court of Appeals to matters involving "amounts in controversy" exceeding $100. It was held that the dismissal of the $2,175 counterclaim also involved in the appeal must be included in calculating that amount. But see contra, James v. Sam, 335 S.W.2d 288 (Tex. Civ. App. 1960), and see Broddick v. Schlesinger, 32 So.2d 97 (La. App. 1947), where a similar *304 jurisdictional limitation was successfully invoked to bar an appeal from a judgment of $285 on a counterclaim, subject to a credit of $198 admittedly due plaintiff, leaving the amount in dispute only $87.
We conclude that by force of law the defendants' waiver of recovery on the counterclaim of any sum in excess of the jurisdictional amount must be interpreted as a waiver of any sum in excess of $750 since the amount "in dispute" included $250 for which plaintiffs brought action and we hold that on the remand the judgment entered on the counterclaim shall in no event exceed $750.
Remanded for proceedings not inconsistent with this opinion. Costs to appellants.