## JOHN KIENZLE v. JOHN J. GARDNER.

Argued November 9, 1905—Decided February 26, 1906.

1. In the District Court, if the defendant presents a notice of recoupment demanding a judgment for more than $300, the court must overrule it as being outside of its jurisdiction and proceed to try the cause without regard to it.
2. In the District Court the defendant is not entitled to demand security for costs from a non-resident plaintiff.

On *certiorari.*

Before Justices DIXON, GARRISON and SWAYZE.

For the complainant, *Albert H. Darnell.*

For the defendant, *Thompson & Cole.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up the judgment of the District Court of Atlantic City, rendered March 16th, 1905, in favor of the plaintiff for $288.17.

The plaintiff's state of demand sets forth a book account for potatoes sold and delivered, and in reply the defendant filed a notice of recoupment and failure of consideration, claiming judgment for $1,500. This notice was overruled on the ground of want of jurisdiction, and that ruling is assigned as a reason for reversal.

The District Court act (*Pamph. L.* 1898, *p.* 556) confers

on that court jurisdiction where the debt, balance, penalty, damage or other matter in dispute does not exceed the sum or value of $300 (section 30). It also (section 64) authorizes the defendant in actions on contract to recoup all damages which he may have sustained by reason of any cause of action arising out of the contract or transaction set forth in the plaintiff's demand or connected with the subject of the action.

These sections must be construed together, and together they authorize recoupment only when the defendant presents a claim within the jurisdiction of the court—that is, one which in itself or by an admitted credit or by a waiver of surplus does not exceed $300. If a larger claim is involved the court has no jurisdiction to consider it and must proceed to try the plaintiff's demand without regard to it. The reasoning on which we base this conclusion is so fully stated by Mr. Justice Reed, in *Clancy* v. *Neumeyer, 22 Vroom* 299, when dealing with similar provisions respecting set-off in the Small Cause act, that we deem further explanation unnecessary.

The position taken by counsel for the defendant that this construction of the statute must debar a defendant from ever asserting such a claim in court is unfounded. If his claim rests on a provision in the contract so connected with the plaintiff's right to maintain his suit that non-compliance therewith by the plaintiff would legally defeat his right of recovery, then, undoubtedly, the defendant can for that purpose avail himself of the provision in the District Court and in all appellate tribunals, and thus secure a negative judgment against the plaintiff which would not preclude the defendant's subsequent claim for damages. If, on the other hand, the provision on which his claim rests is not thus connected with the plaintiff's right, a judgment in favor of the plaintiff would be without legal significance touching the defendant's claim.

So far as mere failure of consideration was set up, that defence, of course, might have been interposed, because its effect would be only to abate the plaintiff's claim; but the defendant in his notice did not discriminate between this

and recoupment, and therefore we think the court did not err in treating the notice as a unit and overruling it *in toto*.

The second reason assigned for reversal is that the court refused to nonsuit the plaintiff.

But the state of the case fails to disclose any request for a nonsuit. Moreover, it appears that the plaintiff's books of account showing the demand against the defendant for potatoes sold in March and April, 1903, were received in evidence at the trial without objection, and that the defendant, by his letter of September 5th, 1903, admitted having bought and received potatoes from the plaintiff. On this proof a nonsuit could not be required.

The last reason assigned for reversal is that the court overruled the defendant's motion that the plaintiff should be required to give security for costs.

The claim for such security is based on section 68 of the District Court act, which enacts that the practice of the Circuit Courts, so far as applicable, shall apply to District Courts unless otherwise provided.

In the Circuit Courts, the practice respecting security for costs is regulated by sections 204, 205 and 206 of the Practice act. *Pamph. L.* 1903, *p.* 537. These sections prescribe that such security must be demanded by the defendant before notice of trial, and that after he receives notice of the filing of security he shall have the same time to plead as he had when he demanded it. These provisions are inapplicable to the District Courts, where no notice of trial is given except by the process issuing at the beginning of the suit, or by regular adjournments, and where usually no pleading on behalf of the defendant is necessary.

The motion was rightfully overruled.

We find no error, and the judgment is affirmed, with costs.