### GEORGE H. SPENCER AND WIFE v. NEWLIN HAINES.

Argued November 9, 1905—Decided February 26, 1906.

A jury returned a single sum as damages, when the declaration contained a claim by a husband in his own right added to a claim of the husband and wife for an injury to the wife.—*Held,* that because the sum found cannot be applied to either claim or apportioned between them, the court, on application of the plaintiff, on the return of the *postea* will award a writ of *venire de novo.*

On application for a *venire de novo.*

Before Justices FORT, GARRETSON and REED.

For the motion, *John J. Crandall.*

*Contra, James Buchanan.*

The opinion of the court was delivered by

REED, J.   This motion is made on the coming in of the *postea,* and the insistence by the counsel for the plaintiff is that the verdict is so imperfect that no judgment can be entered upon it.

From the *postea* it appears that the action was brought to recover damages arising from an injury to one Lizzie Spencer, a married woman, which injury was caused by a machine in the laundry of the defendant.   The counsel for the plaint-

iff, taking advantage of the provisions of section 21 of the Practice act (*Pamph. L.* 1903, *p.* 540), added to the claim of the wife in which the husband joined a claim of the husband for loss of services by his wife resulting from her injury. The jury returned as damages by reason of the injuries sustained by the said Lizzie Spencer a verdict for $500.

It is perceived that there was no assessment of damages for the claim of the husband and wife, and then a distinct assessment for the claim of the husband alone. There is no basis by which the sum assessed can be appropriated to one or the other of these claims, nor is there any standard presented by the *postea* by which the sum found can be apportioned between the two claims. It is at once apparent that it is impossible to enter a legal judgment upon this verdict under the pleadings. The only course to be taken to rectify the situation is to have a new trial.

The object of the plaintiff is to obtain this object by the issuance of a *venire de novo.* He could have accomplished this after a judgment entered in the language of the verdict by writ of error. The appellate court, after the reversal of the judgment entered upon this imperfect verdict, could have directed a *venire de novo.* 2 *Tidd* 933; *Hooper* v. *Shepherd,* 2 *Slr.* 1089; *Grant* v. *Astle, Doug.* 722; *Miller* v. *Trets,* 1 *Ld. Raym.* 324; *Grah. & W. New Tr.* 36.

The plaintiff could have accomplished his purpose also by a rule to show cause why the verdict should not be set aside and a new trial granted. *Redfern* v. *Smith,* 2 *Bing.* 262.

Plaintiff could also probably have accomplished his purpose by a motion in arrest of judgment. This motion is usually made on behalf of a defendant, and section 163 of the Practice act (*Pamph. L.* 1903, *p.* 581) applies only to parties against whom a verdict has passed. But I see no reason why it cannot be made at the instance of the plaintiff where none or a judgment injurious to his interest can be entered on an imperfect verdict ostensibly in his favor. But the plaintiff was not confined to either of these methods of procedure.

Mr. Stephens, after stating the rule that a period of four days elapses after a trial before judgment can be actually

obtained, remarks that during this period the unsuccessful party, to avoid the effect of the verdict, may move the court to grant a new trial or to arrest the judgment or to give judgment *non obstante veredicto* or to award a repleader or to award a *venire facias de novo.* This writ, he says, will be awarded where the jury has been improperly chosen or have given an uncertain, ambiguous or defective verdict. The consequences and object of a *venire de novo* are of course to obtain a new trial, and accordingly this proceeding is in substance the same as a motion for a new trial. Where, however, the unsuccessful party objects to the verdict in respect to some irregularity or error in the practical course of proceedings rather than upon the merits, the form of the application is a motion for a *venire de novo,* and not for a new trial. *Steph. Pl.* 93, 100.

The most frequent instance of the allowance of this writ is where a special verdict is so imperfect by reason of the failure to find some fact that no judgment can be entered upon the verdict. *Bouvier* v. *Baltimore and New York Railroad Co.,* 36 *Vroom* 313, 328.

It is, however, not confined to imperfect special verdicts, but is issued when a general verdict is so uncertain or ambiguous that a legal judgment cannot be entered.

The most frequent instances of the issuance of the writ after general verdicts to be found in the English reports are where entire damages have been assessed upon a declaration containing several counts, some good and some bad, and evidence has been introduced which would support an assessment of damages under the defective as well as good counts. In such a case, says Mr. Tidd, the only remedy is by awarding a *venire de novo,* because it would be impossible for the judge to say on which of the counts the jury had found the damages or how they had apportioned them. 2 *Tidd* 894.

Such a general verdict on such a declaration would be good in this state. *Practice act, Pamph. L.* 1903, *p.* 581, § 161.

This fact, however, does not diminish the precedential force of this method of dealing with defective verdicts by the British courts.

The function of a *venire facias de novo* is stated in *Witham* v. *Lewis,* 1 *Wils.* 48. The cases where a trial *de novo* can be awarded are cited by Mr. Stephens. *Steph. Pl.* 100.

Distinction between granting this writ and the granting of a new trial is the subject of remark in *Grah. & W. New Tr.* 36.

The writ will be awarded.