HENRY W. CORKRAN AND WILLIAM MELONEY, PART-
NERS TRADING AS CORKRAN & MELONEY, PLAINT-
IFFS AND APPELLEES, v. SAMUEL C. TAYLOR, DE-
FENDANT AND APPELLANT.

Submitted July 2, 1908—Decided November 5, 1908.

1. Books of account made up in the usual course of business in part
   from written reports of work done and materials used are com-
   petent evidence with or without the reports themselves in an
   action based on a claim for such labor and materials.
2. Evidence of admissions or declarations by an employe of one of
   the parties was properly overruled, it not being made to appear
   that the making of such statements was within the scope of such
   employe's employment.
3. An expression of opinion by the court in charging the jury, that
   some value had been received by defendant for work done by
   plaintiffs—*Held*, mere comment, in view of an instruction that
   it was for the jury to say whether any service had been per-
   formed by plaintiffs for defendant which was worthy of pay, and
   therefore not prejudicial.

On appeal from the District Court of Atlantic City.

Before Justices GARRISON, SWAYZE and PARKER.

For the appellant, *Bourgeois & Sooy.*

For the appellees, *Eli H. Chandler.*

The opinion of the court was delivered by

PARKER, J. The appellant, defendant below, employed the
plaintiffs to give his automobile a general overhauling, and
disputed their bill on the ground of defective work. Plaintiffs
having sued in the District Court to recover the amount of
their bill, $204, defendant filed a small set-off, which was
allowed at the trial, and also a notice of recoupment of dam-
ages for alleged defective work, amounting to $710.49, which
was properly struck out as exceeding the jurisdiction of the

court. *Kienzle* v. *Gardner,* 44 *Vroom* 258. There was a verdict and judgment for plaintiffs, and defendant appeals.

Some thirteen reasons are assigned for reversal, all of which, except the last, relate to questions of evidence. Several of these, which bear on the use of the plaintiffs' books of account as evidence, may be considered together. It appeared that besides the usual day book and ledger, which were offered in evidence, plaintiffs used a system of time-slips on which the workmen made entries of work done, and of time consumed and materials used in doing it. The defendant objected to the books without the slips, and after some colloquy the court admitted the books and the slips also, defendant objecting to them all. The fifth and sixth reasons raise this point, which is fully disposed of in *Corkran & Meloney* v. *Rutter,* 47 *Vroom* 375, decided since the trial of this case, and in which the system used by these very plaintiffs was considered, and it was held that the books were admissible with or without the time-slips. That the books with the slips were admissible had been previously settled in *Diament* v. *Colloty,* 37 *Id.* 295.

It is next objected that the court permitted items from the plaintiffs' ledger to be read to the jury when said ledger had not been properly proved and had not been marked in evidence. This was undoubtedly a technical error, but as the ledger was afterwards proved, and, as we have just held, properly admitted in evidence, and the items therein might then have been read to the jury, no harmful error was committed by anticipating the proper time to read them.

Another reason assigned is that the court refused to allow defendant's attorney to cross-examine witness Meloney as to plaintiffs' system of bookkeeping. The court did so refuse, on the introductory part of the examination, but expressly stated to counsel that he might do so later, and actually did permit full cross-examination afterwards. The point which defendant apparently desired to draw out was the use of a system of time-slips, which appeared clearly, and which has already been considered. We think no error was committed under the circumstances.

Three- other reasons are based on the refusal of the court to allow witness Meloney to be asked whether he considered the use of emery a good method of fitting on brass bearings, and whether, if emery had been used, it would have been possible to clean it out afterwards except by scraping. Meloney had not been called as an expert. He was called to prove the shop books of the plaintiffs, of which he had charge, and also testified generally as to the doing of the work under his supervision. In this aspect the court might, in its discretion, have allowed the questions, but we think they were fully within the discretion of the judge in limiting the scope of cross-examination, and that no complaint can be made because that discretion was exercised to their exclusion.

The court also overruled a question asked of defendant, when sworn as a witness, by his attorney, as to what statement was made to him by a Mr. Thompson as to the compression of the machine. This question was properly overruled. Thompson was an employe of the plaintiffs, who had worked on the machine, but it was not made to appear that he was employed to make statements in their behalf, or that his employment was of such a character as to give rise to that inference. Hence his statements would not be binding on them. *Huebner* v. *Erie Railroad,* 40 *Vroom* 327; *Hill* v. *Adams Express Co.,* 45 *Id.* 338.

Three other reasons based on rulings as to evidence are not pressed, and so will not be considered. The twelfth reason challenges the allowance by the court of a hypothetical question to the witness Smith, who was called as an expert mechanic. The ground of challenge is that the hypothesis embodied in the question was broader than the evidence warranted. We have examined the evidence and have come to the conclusion that it fairly warranted the framing of the question in form as put.

The last reason relates to an instruction by the judge to the jury, in effect that some verdict for the plaintiffs must be returned. The court charged, and we think properly, that as the recoupment had been struck out as exceeding its jurisdiction, all counter-claim by the defendant for damages by rea-

son of defective work must be relegated to such new suit as defendant might bring in another court, and therefore should not be considered by the jury in abatement of whatever might be due plaintiffs for work properly performed on the machine and by which defendant benefited, and calling attention to the evidence that a general overhauling had been given to the machine by plaintiffs, and that defendant conceded certain work to have been done outside of the alleged defective work for which the counter-claim was made, expressed the opinion that some value had been received by the defendant for the repairs put on the machine by the plaintiffs. Taken by itself this instruction might be objectionable, though we are inclined to think the evidence supported it, but in any case the court elsewhere left it distinctly to the jury to say "whether any service was performed by the plaintiffs for the defendant on his machine which was worthy of pay." Taken in connection with this instruction, the remark objected to appears to be mere comment and not prejudicial to the defendant.

Finding no error on the whole case, the judgment will be affirmed.