JAMES T. MOONEY, PLAINTIFF, APPELLEE, v. ELIZABETH
S. WOOLHOUSE, DEFENDANT, APPELLANT.

Submitted December 5, 1908—Decided February 23, 1909.

1. A District Court has not jurisdiction to try an action to recover a debt over $500, although the plaintiff waives the excess over $500.
2. The right to waive a part of a debt rests upon section 33 of the act of 1898 (*Pamph. L., p.* 564), and the waiver must be for the excess over $300.

This is an appeal from a judgment of the District Court. The action was brought for an amount alleged to be due to a materialman, under a stop notice served under the provisions of the Mechanics' Lien act.

The demand sets up that Mrs. Woolhouse, the defendant, entered into a written contract with Hayne & Kearney, builders, to erect a building in the town of Belleville; that said contract, or duplicate thereof, together with specifications or copy thereof, was filed in the office of the clerk of Essex county; that Hayne & Kearney afterwards became indebted to Mooney, the plaintiff, in the sum of five hundred dollars ($500) for materials furnished to the said Hayne & Kearney, and they refused to pay, on which demand and refusal to pay the plaintiff gave notice to Mrs. Woolhouse.

Before Justices REED, BERGEN and MINTURN.

For the defendant and appellant, *Woerner & Woerner.*

For the plaintiff and appellee, *Frederic M. Payne.*

The opinion of the court was delivered by

REED, J.   The first specification of the grounds for appeal is that the court had no jurisdiction over the subject-matter involved in the above-stated cause.

The sum sued for, as already remarked, was $500.   It appears that the contract between Mooney on the one part, and Hayne & Kearney on the other, fixed the price for which Mooney was to furnish labor and material to Hayne & Kearney at the sum of $817.   Of this sum $300 had been paid, so the amount due, according to the plaintiff, is the single sum of $517.   This is the sum demanded by him of Hayne & Kearney, of which demand notice was given to Mrs. Woolhouse.

The insistence of the appellant is that the District Court has no jurisdiction to entertain a claim to recover in contract a sum in excess of $500.

The jurisdiction of the District Court is defined by the revised act of 1898 (*Pamph. L., p.* 556) and the amendment to the act. *Pamph. L.* 1908, *p.* 384.

Section 30 of the act of 1898 as amended by the act of 1908 reads as follows: "Every suit of a civil nature at law, or to recover any penalty imposed or authorized by any law of this state, where the debt, balance, penalty, damage or other matter in dispute does not exceed, exclusive of costs, the sum or value of five hundred dollars, shall be cognizable in District Courts of this state," &c.

Under this section, the jurisdiction of the District Court to try this claim of $517 would be clearly absent. *Howell & White* v. *Burnett, Spen.* 265.

The plaintiff, however, in this case, filed a notice attached to his state of demand, that he waived the claim of $17 in excess over and above the $500 and seeks to recover judgment for only $500 besides costs.

That no right to waive a part of a single sum alleged to be due exists by force of the thirtieth section already set out is decided by the case of *Howell & White* v. *Burnett, supra.* The defendant, however, relies upon section 33 of the act of 1898 (*Pamph. L., p.* 564), which reads thus: "Where the debt, balance or other matter in dispute, or amount really due or recoverable as aforesaid, exceeds, exclusive of costs, the sum or value of three hundred dollars, the plaintiff or defendant may recover in such court, a sum not exceeding three hundred dollars and costs, but such recovery shall be a bar to the recovery of the residue of such debt, balance or other matter in dispute in any court whatsoever; and it shall be lawful for the plaintiff or for the defendant in a set-off to waive the excess over three hundred dollars."

In section 30 of the act of 1898 the jurisdiction conferred was to take cognizance of suits for sums of the value of $300, and the insistence of the appellee is that inasmuch as the act of 1908 increased the jurisdiction over sums cognizable by the District Court from $300 to $500, therefore it follows that the right of waiver under section 33 of 1898 exists where the debt or matter in dispute exceeds $500.

It is not perceived, however, how upon any ground of statutory construction the amendment of 1908, dealing entirely with section 30 of 1898, affected in any degree section 33 of that act.

The act as it now stands provides that every suit of a civil nature at law, where the debt or damage does not exceed $500, shall be cognizable in District Courts; and section 33, that where the debt, balance or other matter in dispute recoverable as aforesaid exceeds the sum of $300, then, &c., it shall be lawful for the plaintiff to waive the excess over $300.

If the thirty-third section had read: "Where the debt, balance or other matter in dispute exceeds the sum recoverable under section 30, then the plaintiff could waive the excess," there would be force in the contention; but this is not the reading of section 33, but it expressly says that it is only where the debt, balance or other matter in dispute exceeds $300 that it shall be lawful for the plaintiff to waive the excess over $300.

The intention of the legislature as expressed in the act as amended is that while there is jurisdiction conferred to entertain debts and claims for sums up to $500, yet it is only where the claim is for the recovery of $300 that the excess over $300 can be waived. So the remedy for a party who wishes to recover for a claim of a single amount over $500 is to sue in a court other than the District Court, or else to sue for $300 waiving the excess of his debt or demand over and above that amount.

For this reason we think the judgment should be reversed.

It may be remarked, also, that even if the court had been equipped with authority to try the case, the judgment would still be subject to reversal. The foundation of plaintiff's claim was that he had no right to a lien upon the building of Mrs. Woolhouse, because the contract, or copy thereof, between Mrs. Woolhouse and the contractor, had been filed in the office of the county clerk of Essex county. There was no legal proof of such filing.

The judgment below must be reversed.