HYMAN PHILLIPS, PROSECUTOR, v. WILLIAM A. FOSTER AND TRENTON AND MERCER COUNTY TRACTION COMPANY, RESPONDENT, RESPONDENT.

Argued October 6, 1925—Decided March 5, 1926.

**District Courts—Jurisdiction—Pleadings—State of Demand Contains Three Counts, Each for $500, and Prosecutor Claims That in Consequence the Total Claim Alleged Exceeded the Jurisdiction of the District Court—An Examination of the State of Demand Discloses Only a Single Cause of Action—This is a Familiar Pleading More Used in Times Past.**

On rule to show cause.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Frank G. Turner.*

For the respondent William A. Foster, *Minton & Rogers.*

For the respondent Trenton and Mercer County Traction Company, *Katzenbach & Hunt.*

PER CURIAM.

The District Court act of 1898, as amended in 1910 (at *p.* 228), enacts that "every suit of a civil nature at law * * * where the debt, balance penalty, damage or other matter in dispute does not exceed, exclusive of costs, the sum of $500, shall be cognizable in the District Courts of this state," and section 28 of the act of 1898 requires that there shall be entered in the body of every summons the sum demanded, and that the amount, with costs, shall be endorsed on the summons. This amount the defendant can pay and take a receipt from the officer having the process and be discharged from the claim.

William A. Foster brought suit in the Trenton District Court to recover for damages to his automobile in a collision between that automobile owned by the plaintiff Foster and an automobile owned by Hyman Phillips, while the latter was endeavoring to pass a trolley car of the Trenton and Mercer County Traction Company. Phillips and the traction company both were made defendants and the summons issued therein demanded damages in the sum of $500.

A state of demand was filed in three counts, each count setting up the foregoing facts in more detail, alleging negligence and claiming $500 damages—in two of them against Phillips and in one one against the traction company. Judgment being given for the plaintiff against Phillips alone, he obtained a rule to show cause why a writ of *certiorari* should not be allowed to review the proceedings had in the District Court.

The prosecutor files three reasons in support of the rule, all based on the fact that the state of demand contains three counts, each in the sum of $500, and claims that the cause of action in consequence exceeded $500, and that the District Court was therefore without jurisdiction.

It will be noted that the statute gives jurisdiction when "the debt, balance, penalty, damage or other matters in dispute," does not exceed $500, and requires the amount to be set forth in the summons and endorsed thereon. When thus stated the amount has been given paramount importance. *Drake* v. *Mowder*, 89 *N. J. L.* 306; *Rips* v. *Levitan*, 3 *N. J. Mis. R.* 1171.

If, however, we examine the state of demand we think it exhibits a single cause of action arising upon the same facts, but pleaded in different counts, each as to amount claimed within the limit of the court's jurisdiction. This is familiar pleading in the law courts, and was used more largely in times past to meet the varying phases of proofs when amendments were not so easily obtained as at present. When predicated upon the same state of facts they were not regarded as claims independent or in combination, but a variant statement of one basis of action. In 15 *Corp. Jur.* 770, it is said: "A plaintiff in summary proceedings may insert in his petition several counts on the same cause of action, and it is no objection that the aggregate amount claimed by all such counts exceeds the jurisdiction of the court, provided no single count does so."

In the United States courts a like situation has been held not to exhibit a cause of action as to amount in the combined sum of the different counts. *Pooser* v. *Western Union*, 137 *Fed. Rep.* 1001. In view of the effect given by statute to the statement incorporated in, and endorsed on, the writ, it may be doubted whether even though the state of demand contained a sum beyond the jurisdiction of the District Court that this would be fatal, provided the verdict did not exceed the jurisdictional limit. *McCauly* v. *Barnes*, 1 *N. J. L.* 52. We are not, however, called upon to go further than to

hold that the state of demand does not set forth a cause of action in amount beyond the jurisdiction of the court.

The rule to show cause will be discharged.