VINCENT CONTI AND JOSEPH INGALA v. PIETER ALEA.

VINCENT CONTI AND JOSEPH INGALA v. SAMUEL B. MARTIN.

PIETER ALEA v. SAMUEL B. MARTIN.

Decided February 26, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the defendant Samuel B. Martin, *Collins & Corbin.*

For the defendant Pieter Alea, *Abraham I. Feltman.*

For the plaintiffs Conti and Ingala, *Weinberger & Weinberger.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs Conti and Ingala were injured while riding in an automobile owned and operated by Alea, after nightfall, and which overturned while being driven along a state highway route which was being constructed in the borough of Hardystonville, in Sussex county, by the defendant Martin. The claim of these two plaintiffs was that the road at the place where the accident occurred was dangerous to public travel; that the contractor, Martin, had taken no steps to warn travelers on the high-

way of this dangerous condition; and that the accident was due to his neglect to do so. They further claimed that the defendant Alea, who was driving the car in which they were riding, was careless in failing to observe the dangerous condition of the highway, and that his neglect to do so contributed to the happening of the accident Alea's suit against Martin was based upon the contention that the accident occurred solely by reason of the failure of the latter to take any steps to provide reasonable notice to travelers upon the highway of the unsafe condition thereof.

These cases were all tried together, and, after the testimony had been completed and the court had charged the jury, the latter retired to consider its verdicts. After it had retired the trial judge directed the clerk to receive the verdicts, and announced that the court would remain open for that purpose. After having made this announcement, the trial judge left the court room and returned to his home. Some hours after the jury had retired, it returned into court and announced that it had found the following verdicts: In the case of Conti and Ingala against Martin, "in favor of the plaintiffs in the sum of $1,500 against the defendant;" in the case of Conti and Ingala against Alea, "in favor of the plaintiffs in the sum of $1,500 against the defendant;" in the case of Alea against Martin, "in favor of the plaintiff in the sum of $300 against the defendant." The clerk thereupon, by necessary inference, refused to receive these verdicts, for upon their rendition he, instead of discharging the jury from further service, directed the members to return to the jury room, and after they had done so telephoned to the judge who had tried the cases, informing him what verdicts had been received in each of them, and the judge thereupon, apparently considering that the verdicts were improper, returned sometime later into court, sent for the jury, and further instructed it with relation to the issues involved, and then directed it to return to its room, which it did. Sometime later the jury came back into court, and then rendered verdicts entirely different from those originally found by it.

The principal contention on the part of the defendants is that the procedure above outlined was without legal justification, and we are of opinion that this contention is sound. In the case of *Folkner* v. *Hopkins,* 100 *N. J. L.* 189, the trial judge, after charging the jury, left the court house, directing the clerk to keep the court open and to take the verdict of the jury when that body returned into court to render it. The jury, after a consideration of the proofs in the case, returned into court with a verdict, which the clerk refused to accept, instructing the jury that it was not justified, and sent the jury out for a further consideration of the cause. Subsequently the jury returned into court with a different verdict. In dealing with this situation, the court said: "The action of the clerk as above set forth was clearly without legal warrant. Section 160 of our Practice act provides that after the jury has gone from the bar to consider of its verdict, 'the court may direct that the verdict be taken by the clerk in open court in the absence of the judge, and may order that the court remain open for that purpose.' The power of the clerk under the conditions named is strictly limited by the statute, and that is to take such verdict as the jury shall render, without regard to whether or not it is in accordance with the instructions delivered to that body by the court, and without regard to whether or not the finding can be legally justified. * * * It is no concern of his officially whether the verdict can be upheld, or whether or not judgment can be entered upon it. He cannot legally refuse to accept a verdict, but must take it as rendered."

The principle laid down in the cited case is, in our judgment, applicable to those now before us. The action of the clerk of the court was clearly in violation of this principle, and requires that the verdicts now under consideration should each of them be set aside and a new trial in the cases ordered.