PASQUAL AGOSTINACCI, Plaintiff, *v.* THE BROOKLYN CITY RAILROAD COMPANY, Defendant.

MICHAEL AGOSTINACCI, Plaintiff, *v.* THE BROOKLYN CITY RAILROAD COMPANY, Defendant.

THE BROOKLYN CITY RAILROAD COMPANY, Plaintiff, *v.* MICHAEL AGOSTINACCI, Defendant.

Municipal Court of New York, Borough of Brooklyn, Sixth District, November 16, 1931.

*Robert E. Mebel*, for the plaintiffs.

*George D. Yeomans* [*Frank A. Jablonka* of counsel], for the defendant.

SWEEDLER, J. Motion by plaintiffs in actions 1 and 2 to consolidate all three actions for the purpose of trial.

It is conceded that all three actions involve the same transaction, the same witnesses, and all three are jury cases. Pasqual Agostinacci is suing in her own behalf for the damages resulting from the alleged negligence of the defendant's servants; Michael Agostinacci is suing for the damages he has suffered by reason of such alleged negligence of defendant in the loss of his wife's services and moneys expended for her care; the third action is brought by the Brooklyn City Railroad Company to recover damages to its property resulting from the accident allegedly caused by the negligence of Michael Agostinacci. This last action is shortly to appear on the calendar for trial, hence this motion. It would appear that section 96 of the Civil Practice Act is directly applicable to this situation, and this being a court of record by virtue thereof has power to order a consolidation.

The contention is made nevertheless that an order cannot be granted allowing such a consolidation, for to do so would be to prejudice a substantial right of this defendant; that the sum total of moneys demanded in all three actions is in excess of $1,000, and hence beyond the jurisdiction of this court, the jurisdiction of this court being limited to such sum. For this contention there is support in the Second Department. In *Dilworth* v. *Yellow Taxi Corporation* (220 App. Div. 772) it was held that the test of the jurisdiction of this court is the judgment asked for in the summons and complaint, and when such was in excess of $1,000 this court was deprived of jurisdiction. That case, however, involved the matter of a joinder of five parties plaintiff in one summons and complaint wherein each set out a distinct cause of action for $1,000, and the total judgment sought was $5,000. Such is not the case here.

Here there are three pending cases; the judgment sought in each case is not in excess of $1,000; admittedly this court has jurisdiction of each case. Shortly one of these cases is about to appear on the

calendar for trial. The witnesses in this case will be the same as in the other two; the transaction — action — that occurred is identical with that out of which the other causes of action arose; jury trials have been demanded in all three cases. What better reason can be found for the application of section 96 of the Civil Practice Act? The consolidation is granted solely for the purposes of trial; the judgments to be rendered are distinct and separate as to each particular action. Our courts are sufficiently cluttered with cases, especially those awaiting jury trials, and whenever possible the expeditious disposal of pending causes should be encouraged. The case of *Gillin* v. *Canary* (44 N. Y. Supp. 313), cited by defendant in opposition to this motion, was decided in 1897, long before the present Civil Practice Act came into being. That case, however, involved the same parties plaintiff and defendants.

Motion to consolidate three actions granted. The clerk is hereby directed to consolidate the actions bearing index numbers 8287/1929, 8288/1929 with that of 3865/1929. Settle order on notice.