DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE COUNTY OF MONMOUTH.

JUAN JOSE NAVARRO, PLAINTIFF, v. PEARL MARTIN AND
GEORGE R. MARTIN, DEFENDANTS.

Decided July 31, 1944.

For the plaintiff, *Frankel & Frankel.*

For the defendants, *Harry R. Cooper.*

EVANS, D. C. J. The state of demand in this matter was
filed by plaintiff against defendant, George R. Martin, as

owner of the automobile and against the co-defendant, Pearl Martin, as the operator of the said automobile. An answer and counter-claim was filed on behalf of both defendants. It contained firstly, the answer; secondly, a separate defense and thirdly, the counter-claim. The counter-claim is divided into three counts; the first on behalf of the defendant Pearl Martin for personal injuries for which she demands damages in the sum of $500, the second count is set forth by defendant George R. Martin and demands damages in the sum of $300 for property damage to his car and the third count is also on behalf of defendant George R. Martin for medical expenses in the care and treatment of his wife, Pearl Martin, for which he demands $200 damages. At the end of the counter-claim is another paragraph setting forth the three separate demands again.

This matter has been argued before me on motion to dismiss the counter-claim in that the total demand of defendants in said counter-claim exceeds the jurisdiction of this court.

The question actually involved appears to be: is the limitation on the demand of a party to an action or the total demands regardless of the parties and causes of actions properly joined?

The District Court is purely statutory and its jurisdictional limitations are contained in *R. S.* 2:8–40; *N. J. S. A.* 2:8–40:

"Every action of a civil nature at law, or to recover any penalty imposed or authorized by any law of this state, where the debt, balance, penalty, damage or other matter in dispute does not exceed, exclusive of costs, the sum or value of five hundred dollars, shall be cognizable in the district courts of this state."

And as to counter-claim in *R. S.* 2:8–42; *N. J. S. A.* 2:8–42:

"Where the debt, balance or other matter in dispute, or the amount really due or recoverable, as provided by section 2:8–40 of this title, exceeds, exclusive of costs, the sum or value of five hundred dollars, either plaintiff or defendant may recover in a district court a sum not exceeding five hundred dollars and costs, which recovery shall bar

the recovery of the residue of such debt, balance or other matter in dispute in any court whatsoever.

"Either plaintiff or defendant in a set off or counter-claim may waive the excess over five hundred dollars."

Under *R. S.* 2:32–49; *N. J. S. A.* 2:32–49, it was necessary for each of the defendants to file his or her cause of action or be barred.

The District Court Act further contains a provision for the removal of a cause to the Circuit Court in the event it exceeds the jurisdiction of this court *R. S.* 2:8–44; *N. J. S. A.* 2:8–44, and plaintiff contends defendants should follow this course or file a separate answer and counter-claim.

If it is a true statement that the counter-claim filed exceeds the jurisdictional limitation of this court then the responsibility of the defendants was to comply with this section. But was there such responsibility since the demands of neither party exceed the $500 nor could either defendant file an affidavit that he or she believed their counter-claim would exceed the sum limited?

The statutes provide in the District Court procedure *R. S.* 2:32–2; *N. J. S. A.* 2:32–2:

"Except where there is an express provision of law providing otherwise, the practice and procedure in the Circuit Courts shall, in so far as applicable, apply to the District Courts."

I find no decision in New Jersey exactly in point with the question involved here and it may well be that common practice has avoided the issue.

Each of the defendants have a distinct and separate claim that arose out of the same accident against the same party plaintiff. In the answer and counter-claim filed, the counter-claims of each are set up in separate counts and in no one count does the total demand of either defendant exceed the jurisdictional limitation. Each count has its own *ad damnum* clause and no confusion or difficulty would be presented in the formation of a judgment for one or both of defendants should either or both be successful.

A counter-claim is deemed to be a cross action, and the rules respecting the form and manner of pleading the com-

plaint, apply to the counter-claim. Supreme Court rule 66; *N. J. S. A. tit.* 2. Generally a court has jurisdiction to entertain and adjudicate upon a claim asserted by way of counter-claim only where it would have jurisdiction of an independent action upon such claim. 47 *Am. Jur.* 780, § 92; 57 *C. J.* 374, § 21.

"Plaintiff may join separate causes of action against several defendants, if the causes of action have a common question of law or fact and arose out of the same transaction or series of transactions." *R. S.* 2:27–38; *N. J. S. A.* 2:27–38.

Since the counter-claim in question is made up of causes of action by a husband and wife, the following section is more specific:

"A husband, in an action by himself and his wife for an injury to the wife, in respect of which the wife is a necessary co-plaintiff, may add to the cause of action claims in his own right arising *ex delicto.* Separate actions brought in respect to such claims may be consolidated by order of the court or a judge." *R. S.* 2:27–40; *N. J. S. A.* 2:27–40.

And as to counter-claims the Practice Act provides:

"Subject to rules, the defendant may set off or counter-claim any cause of action." *R. S.* 2:27–137; *N. J. S. A.* 2:27–137.

Deeming it proper practice for the defendants to join their separate causes of action in one answer and counter-claim it must next be determined whether the jurisdictional limitation is exceeded.

In determining jurisdiction the amount claimed in the complaint governs, the rule in this respect being that jurisdiction is fixed by the amount for which judgment could be rendered on the facts set out when viewed in the aspect most favorable to the plaintiff. 15 *C. J.* 755, § 53; 21 *C. J. S., Courts,* § 55; 14 *Am. Jur.* 408, § 210.

Mr. Justice Reed in *Clancy* v. *Neumeyer,* 51 *N. J. L.* 299; 17 *Atl. Rep.* 154, after reviewing the earlier cases on jurisdiction in Small Causes Courts Acts concluded:

"My conclusion therefore is, that the proper practice for a justice when such a plea is tendered, claiming a balance due the defendant of over $200, is to overrule the plea on the ground of want of jurisdiction."

A reading of *Bowler* v. *Osborne*, 74 *N. J. L.* 216; 64 *Atl. Rep.* 697, approves the theory of the amount claimed establishing the jurisdictional answer with the additional conclusion in the Errors and Appeals decision that by admitting the plaintiff's claim the defendant can set up a claim greater than the jurisdictional amount so long as the balance claimed is under the limitation.

Mr. Justice Nevins 100 years ago in *Howell and White* v. *Burnett*, 20 *N. J. L.* 265, in determining the right of a party to waive interest to bring the claim within the jurisdiction stated:

"It is not denied, that the jurisdiction of a justice is limited in amount to $100, and if the demand on its face exceed that sum, the justice should dismiss the action."

This case was cited and followed in *Mooney* v. *Woolhouse*, 77 *N. J. L.* 325; 72 *Atl. Rep.* 53, when Mr. Justice Reed interpreted the later legislative enactments respecting the District Courts. *Kienzle* v. *Gardner*, 73 *N. J. L.* 258; 63 *Atl. Rep.* 10; *Corkran and Meloney* v. *Taylor*, 77 *N. J. L.* 195; 71 *Atl. Rep.* 124.

While it has been definitely decided in our courts that single or entire causes of action may not be subdivided into several claims and separate actions maintained thereon— *Smith* v. *Red Top Taxicab Corp.*, 111 *N. J. L.* 439; 168 *Atl. Rep.* 796; *Schwartz Bros. Truckmen, Inc.*, v. *International, &c.*, 478, 126 *N. J. L.* 379; 19 *Atl. Rep.* (2d) 690; *Alexander* v. *Manza*, 21 *N. J. Mis. R.* 295; 34 *Atl. Rep.* (2d) 11, no ruling has been established on whether the amount of each separate demand or cause of action is the controlling factor or if it is the total of all the separate demands in any state of demand or counter-claim. It might be implied from *Phillips* v. *Foster*, 4 *N. J. Mis. R.* 248; 132 *Atl. Rep.* 327, that separate causes of action set up in one action by one party in an aggregate of over the jurisdictional limitation would not meet with approval but that is not the situation in this instance nor does it answer the present question.

Not finding any cases in point and looking to our sister states for enlightenment I find that they practically all follow the rule that the amount of the separate demands govern.

14 *Am. Jur.* 413, § 217, "Where several claimants have separate and distinct demands against a defendant or defendants, which may properly be joined in a single suit, the claims cannot be added together to make up the required jurisdictional amount; *each separate claim furnishes the jurisdictional test.*" See 15 *C. J.* 768, § 64; 21 *C. J. S., Courts,* 79, § 64.

In the State of Connecticut the courts have held as follows:

"The demurrer to the complaint was properly overruled. A demurrer was not a proper form of pleading for raising the question of jurisdiction. But since each of the five counts was for the recovery of a claim of less than $1,000, they were all properly joined in one action returnable to the court of common pleas." *Johnson* v. *Cooke, 85 Conn.* 679; 84 *Atl. Rep.* 97; *Ann. Cas.* 1913C, 275.

"While, under section 812, Gen. St. 1888 (section 558, Gen. St. 1902) in actions brought to the courts of common pleas or district court of Waterbury, separate demands founded on contract, express or implied, some or all of which are below the jurisdiction of said courts, may be combined for the purpose of conferring jurisdiction, section 811, Gen. St. 1888 (section 557, Gen. St. 1902) does not provide for the combination of several separate claims in order to confer upon the court jurisdiction of each of such claims, but for the joinder in one complaint of any number of claims founded upon or evidenced by distinct contracts, each of which claims is within the jurisdiction of the court to which the action is brought, and for the rendering of a judgment upon each of said counts by any court whose jurisdiction is limited by the amount in controversy, although the aggregate of said claims upon which judgment is so rendered may exceed the maximum jurisdictional limit of said court. This section does not apply to the superior court, which has no maximum jurisdictional limit. The plaintiff was entitled to recover upon the first count of the complaint, but not upon the second." *Brennan* v. *Berlin Iron Bridge Co., 75 Conn.* 393; 53 *Atl. Rep.* 779.

In the State of New York the courts have held as follows: *Nowinski* v. *LaMonte,* 168 *Misc.* 586; 5 *N. Y. S.* (2d)

894, decided May 21st, 1938, Municipal Court. An infant sued for personal injuries and the father for loss of services and the summons demanded $1,500 for both. There was no endorsement on the summons or split-up of the amount. The court said: "The effect of the decisions as to the endorsement on the summons in the Municipal Court is that where the causes of action are separated and each plaintiff seeks damages on each cause of action in a sum not exceeding the jurisdictional limit of the court even though the body of the summons contains a demand for judgment in an amount in excess of the jurisdictional limit, the court has jurisdiction." In this case, however, there was no such separation and the court was held to be without jurisdiction and it was further held that jurisdiction over the subject-matter cannot be conferred by consent.

*Farkas* v. *Metz,* 160 *Misc.* 9; 289 *N. Y. S.* 214, decided City Court, June 22d, 1936. The complaint set forth four causes of action and demanded specifically stated sums from the individual defendant and from the corporate defendant. Each plaintiff demanded a separate judgment against each defendant. The complaint was held good as not violating the $3,000 jurisdictional limit of the court.

*Murtagh* v. *Keystone Transportation Co.,* 150 *Misc.* 686; 269 *N. Y. S.* 903, two plaintiffs joined and the body of the complaint demanded judgment for $1,250. The endorsement on the summons separated the causes of action and the plaintiff wife claimed $1,000 and the plaintiff husband $250. The sole ground for moving to dismiss was that the $1,250 demanded deprived the court of jurisdiction. The court held jurisdiction was proper.

*Dobrinkin* v. *Union Railway Co.,* 130 *Misc.* 796; 225 *N. Y. S.* 376, there were two plaintiffs, husband and wife. Each in a separate cause of action demanded judgment for $3,000. The husband died and no personal representative was appointed and at the commencement of the trial the plaintiffs' attorney moved to amend the complaint and strike out his cause of action. The motion was granted and the case proceeded on the wife's cause of action. After judgment on that cause of action it was claimed that the court was without

jurisdiction. This claim was held invalid and it was affirmed in the Appellate Term. An appeal was taken to the Court of Appeals in 250 *N. Y.* 561; 166 *N. E. Rep.* 324, which appeal was dismissed on the ground that permission to appeal had not been obtained and the constitutional question was not raised in the lower courts.

In *Merten* v. *Queens Rental Corp.,* 241 *App. Div.* 831; 271 *N. Y. S.* 271, decided April, 1934, the court held:

"The City Court has jurisdiction where several plaintiffs in one complaint each separately states his cause of action based on one and the same tort and each demands a separate judgment in an amount not exceeding $3,000. Events subsequent to our decision by a closely divided court in *Dilworth* v. *Yellow Taxi Corp.,* 220 *App. Div.* 772; 221 *N. Y. S.* 813, warrant an abandonment of the theory therein enunciated and for the sake of uniformity the adoption of the rule now prevailing in the First Department.

In the case *Dilworth* v. *Yellow Taxi Co., supra,* there were five plaintiffs in one action and the summons provided for a separate judgment for each plaintiff. The complaint separately stated the injury to each plaintiff and demanded a separate and distinct judgment. The Municipal Court and the Appellate Term held the complaint was good and the court had jurisdiction but the Appellate Division reversed and dismissed the complaint by a three to two vote, holding the Municipal Court was without jurisdiction. This same court seven years later in the above case reversed its position and in the Merten case held the maintenance of the action in that court was proper.

In *Spetler* v. *Jogel Realty Co.,* 224 *App. Div.* 612; 231 *N. Y. S.* 517, decided City Court, December, 1928, a husband, wife and son joined as plaintiffs in one complaint and each demanded $3,000. The court was held to have jurisdiction in this action.

*Sirop* v. *Bernard Greenwood Co.,* 134 *Misc.* 836; 236 *N. Y. S.* 588, 589, decided Municipal Court, September, 1929. Several plaintiffs each sued to recover $1,000 in one action in the Municipal Court and **the court** was held to have jurisdiction in that action.

In *Agostinacci* v. *Brooklyn City Railway Co.*, 141 *Misc.*
908; 254 *N. Y. S.* 485, decided Municipal Court, November,
1931, three separate actions had been started by three separate plaintiffs arising out of one accident. The total recovery
sought in the three actions exceeded $1,000. A motion was
made to consolidate the actions for trial and resisted on the
theory that it would deprive the court of jurisdiction. The
motion was granted and it was consolidated.

In the State of Pennsylvania the courts have held as
follows:

"Under a statute which, although providing that rights of
action by husband and wife to recover damages for injury
to the wife should be redressed in one suit brought in the
names of the husband and wife, kept separate the independent
causes of action and provided for the rendition of separate
verdicts and the entry of separate judgments, a court has
jurisdiction over such an action where the amount claimed
by each plaintiff is within the court's jurisdictional limitation,
although the total amount claimed by both exceeds such
limit." 21 *C. J. S., Courts*, 80, ¶ 64, *note* 57, citing *Fries*
v. *Wiser*, 62 *Pa. Super.* 218.

While the decisions of our sister states as cited above go
farther than it is necessary for me, they aid me in determining what course our courts will adopt when it has been finally
settled.

The plaintiff selected the court and under the statutes
above referred to each defendant must set forth his or her
counter-claim or be barred. It would seem fallacious to say
that each co-defendant having separate causes of action
against the plaintiff arising out of the same accident would
have to seek out the other defendant to ascertain whether the
total amount of their separate counter-claims would exceed
the jurisdictional limitation. Under *Warner* v. *Public Service
Co-ordinated Transport*, 9 *N. J. Mis. R.* 328; 153 *Atl. Rep.*
711; *Spencer* v. *Haines*, 73 *N. J. L.* 325; 62 *Atl. Rep.* 1009;
*O'Carroll* v. *Stark*, 85 *N. J. L.* 438; 89 *Atl. Rep.* 969; *Conti*
v. *Alea*, 107 *N. J. L.* 391; 153 *Atl. Rep.* 636; *Lipari* v.
*National Grocery Co.*, 120 *N. J. L.* 97; 198 *Atl. Rep.* 393;
*Picariello* v. *Linares and Rescigno Bank*, 127 *N. J. L.* 63; 21
*Atl. Rep.* (2d) 343, and *Wilson* v. *Deschner*, 11 *N. J. Mis. R.*

609; 167 *Atl. Rep.* 670, if both defendants were successful separate judgments would be entered designating the amount for each defendant; and under *Sweet* v. *Excelsior Electric Co.,* 59 *N. J. L.* 441; 31 *Atl. Rep.* 721, no judgment can be entered in favor of either defendant on the counter-claim in an amount greater than the amount claimed in the *ad damnum* clause.

It would therefore seem to be the rule that the jurisdictional limitation contained in the District Court Act is a limitation upon the total demands of any one defendant in the counter-claim regardless of the number of parties and separate causes of action properly joined therein.

Motion of plaintiff denied.